**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF KENTUCKY**
**Lexington Division**

| | |
|---|---|
| IN RE: : | |
| : | Chapter 11 |
| MERV PROPERTIES, LLC, : | Case No. 11-52814 |
| : | Judge Tracey N. Wise |
| Debtor. : | |
| _____ : | |
| : | |
| MERV PROPERTIES, LLC, : | |
| : | |
| Plaintiff, : | |
| : | Adversary No. 13-5034 |
| vs: : | |
| : | |
| ERIC FRIEDLANDER, *et al.*, : | |
| : | |
| Defendant. : | |
| _____ : | |

**MEMORANDUM OPINION**

This adversary proceeding is before the Court on Defendant, Forcht Bancorp, Inc. dba Forcht Bank, N.A.'s ("Forcht") motion to dismiss[1] ("Motion") [Doc. 6] all claims alleged against it in this adversary proceeding on the basis that the plaintiff, MERV Properties, LLC ("MERV"), fully and finally released all claims against Forcht via a written, signed release executed December 14, 2010. A hearing was held on January 27, 2014, and the matter was taken under submission

**JURISDICTION**

This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334(b). The allegations against Forcht contained in Count IX for disallowance, or in the alternative, equitable

---

[1] The Motion was filed as a motion to dismiss. Because Forcht presented matters outside the pleadings in support of its Motion, the Motion is addressed as a motion for summary judgment pursuant to Federal Rule of Civil Procedure 12(d), made applicable to adversary proceeding pursuant to Federal Rule of Bankruptcy Procedure 7012(b).

subordination of its claims are core proceedings pursuant to 28 U.S.C. § 157(b)(2)(B) and (K) on which this Court may enter final judgment. The allegations against Forcht for breach of contract (Count II), fraud, or in the alternative, facilitation of fraud and theft (Count VI), and punitive damages (Count XI), are noncore proceedings. With respect to the noncore claims, the parties have expressly consented to this Court entering appropriate final orders and judgments. 28 U.S.C. § 157(c)(2). Upon consideration of the record in this case, the Court finds that there are no genuine issues of material fact and Forcht is entitled to summary judgment as a matter of law.

## SUMMARY JUDGMENT STANDARD

Pursuant to Federal Rule of Bankruptcy Procedure 7056, Federal Rule of Civil Procedure 56 applies in adversary proceedings.

> [O]n several occasions, the Court of Appeals for the Sixth Circuit has described the standard to grant a motion for summary judgment as follows:
>
> A court must grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Under this test, the moving party may discharge its burden by "pointing out to the [bankruptcy] court . . . that there is an absence of evidence to support the nonmoving party's case."

*Buckeye Retirement Co., LLC, Ltd., v. Swegan (In re Swegan)*, 383 B.R. 646, 652-53 (B.A.P. 6th Cir. 2008) (quoting *Gibson v. Gibson (In re Gibson),* 219 B.R. 195, 198 (B.A.P. 6th Cir.1998)). The Supreme Court has instructed that a court must look beyond the pleadings and assess the proof needed to determine whether there is a genuine need for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). After making an assessment of the proof, the determinative issue is "whether the evidence presents a sufficient disagreement to require submission to [the trier of fact] or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-53 (1986). In this regard, the moving party carries the burden of showing there is an absence of evidence to support a claim.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986). After the moving party meets this burden, the non-moving party must go beyond the pleadings to identify more than a mere scintilla of evidence showing that there is a genuine issue of material fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989); FED. R. CIV. P. 56(e). "The respondent cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but must 'present affirmative evidence in order to defeat a properly supported motion for summary judgment.'" *Street*, 886 F.2d at 1479 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)).

## FACTUAL AND PROCEDURAL BACKGROUND

### I. The Plaintiff Entity

MERV is a Kentucky limited liability company formed on August 27, 2007. Pursuant to its Operating Agreement, MERV is managed by its members with each member having the right to act for and bind the company. The original members and their percentage interests were:

| | |
|---|---|
| Eric Friedlander ("Friedlander") | 26% |
| Mark Properties, LLC ("Mark Properties") | 25% |
| Roberta Gonzalez ("Gonzales") | 49% |

### II. Note, Mortgage and Forbearance Agreement

On August 31, 2007, MERV (along with other borrowers) entered into a commercial construction loan agreement and promissory note (collectively, the "Note") under which MERV became indebted to First National Bank of Lexington, the predecessor in interest of Forcht, in the amount of $2,711,500. MERV obtained the loan for the purpose of purchasing and renovating a warehouse located on property in Lexington, Kentucky ("Real Estate"). Repayment of the Note was secured by a mortgage on the Real Estate. Members Friedlander, Mark Properties and Gonzales were co-obligated on the Note along with Lisa Friedlander.

3

MERV defaulted on the repayment, and Forcht called the Note, made demand for payment, and initiated a state court foreclosure action. To stop the foreclosure action, MERV (and the other parties to the foreclosure action) entered into a Forbearance Agreement ("Agreement") [Doc. 6-1] dated as of December 14, 2010, with an effective date of October 27, 2010. Pursuant to the terms of the Agreement, Forcht agreed to forbear from exercising its rights to enforce collection of the Note at that time, the interest rate on the Note was reduced and the balance of the Note was amortized over twenty-five years rather than twenty years. Pursuant to the Agreement, MERV agreed to release claims as follows:

> That in further consideration of the Bank's [Forcht's] agreement not to enforce the default terms of the Note for times prior to this Agreement and in further consideration of the Bank's forbearance not to pursue the Lawsuit at this time, Borrower [MERV] and Guarantors (a) waive and relinquish all defenses to payment and collection of the amounts due Bank, and (b) release and forever acquit the Bank from any claims of any nature whatsoever that may have been asserted, whether such defenses or claims arise by virtue of state, federal, bankruptcy, or non-bankruptcy law, by agreement or otherwise, including without limitations, all affirmative defenses, claims, counterclaims, set-offs, deductions and recoupments of Borrower [MERV] and Guarantors, whether known or unknown, in dispute or not, liquidated or contingent, foreseen or unforeseen, in contract, tort, equity, or otherwise, which Borrower [MERV] and Guarantors ever had, now have or may hereafter acquire, arising out of, or relating to (i) any transaction or dealings between Bank and Borrower [MERV] and Guarantors, or (ii) any act or omission to act by Bank occurring prior to the execution of this Agreement.

Agreement ¶ 11 ("Release"). The Agreement also required MERV to execute a Confession of Judgment and permitted Forcht to file the judgment in the event of a default under the Agreement or Note. The Agreement was executed on MERV's behalf by Mark Properties, through its member, Howard Markowitz ("Markowitz") and by guarantors Mark Properties, Eric and Lisa Friedlander and Gonzales. It is undisputed that Mark Properties and Gonzales were members of MERV when they signed the Agreement and that all signatories to the Agreement were represented by counsel during the Agreement's negotiation and execution.

MERV attempts to raise an issue of fact as to whether Friedlander was a member at the time the Agreement was signed or whether Friedlander had sold his interest to James Stepetak ("Stepetak"). However, as noted above, the Agreement was signed on MERV's behalf by Mark Properties, not Friedlander. MERV has not asserted and there is no evidence that Mark Properties was not a member with authority to bind MERV and no evidence that Forcht had knowledge or received notification of any restriction on any member's authority to act on behalf of MERV.

On August 4, 2011, after MERV defaulted on its obligations under the Agreement, Forcht filed the Confession of Judgment in the Fayette Circuit Court in the Commonwealth of Kentucky, and sale of the Real Estate was scheduled for October 10, 2011.

### III.    The Chapter 11 Bankruptcy and Plan

MERV filed its voluntary Chapter 11 Petition the morning of October 10, 2011. The List of Equity Security Holders filed with the Petition indicated that Gonzales and Vivien Collins ("Collins"), each held a one-third interest in MERV, and that the ownership of the remaining one-third interest was disputed and held either by Friedlander or Stepetak. Collins was designated as the individual responsible for performing the duties of MERV in the bankruptcy.

MERV's Plan was confirmed on July 13, 2012. MERV failed to timely fund the Plan, and pursuant to the remedies provided for in the Plan, on August 24, 2012, Forcht filed a declaration of default. On December 21, 2012, an order was entered approving the sale of the Real Estate after a second auction. A report of sale was filed on January 15, 2013.

### IV.    The Adversary Proceeding

Seven months later, John E. Davis was appointed as special counsel for MERV for the purpose of investigating and prosecuting claims against Friedlander, Markowitz, and certain banks and bank employees with which MERV had conducted business. This adversary proceeding was filed on October 4, 2013.

5

The Complaint asserts, in relevant part, that Markowitz and Friedlander fraudulently took control of MERV's finances and, among other acts, used draws on the Note for their own benefit rather than for the renovations of the warehouse located on the Real Estate. MERV's complaint against Forcht is based on MERV's assertions that Forcht failed to verify that construction work had been completed before approving draw requests and Forcht failed to ensure that checks were properly endorsed when presented for payment or deposit. MERV argues that but for Forcht's grossly negligent, fraudulent, or willful facilitation of Markowitz's and Friedlander's fraud and theft, MERV would not have lost its business and real property.

## V.     The Motion for Summary Judgment

The parties agree that all disbursements under the Note, and thus all of Forcht's alleged actions of gross negligence, fraud or facilitation of fraud took place prior to the effective date of the Agreement and Release. Forcht asserts that the Complaint should be dismissed as to all allegations against it because MERV fully and finally released all claims against Forcht pursuant to the Release. In its response ("Response") [Doc. 50], MERV asserts that the Agreement, and therefore, the Release, is invalid and unenforceable because the Agreement was "procured by fraud or collusion between [Forcht], on the one hand, and Friedlander and Markowitz, on the other, each seeking to cover up their respective wrong doing." Response ¶ 15. MERV asserts that it lacked knowledge of the terms of the Agreement, and that the knowledge of Friedlander and Markowitz cannot be imputed to it because their actions were adverse to MERV's interest. MERV finally asserts that the Agreement is unconscionable.

MERV concedes that if the Agreement is enforceable, its claims against Forcht have been released. Therefore, the sole issue is whether the Agreement is valid and enforceable.

6

**LAW AND ANALYSIS**

I. **Fraudulent Inducement**

"Under Kentucky law, like most jurisdictions, a release obtained by misrepresentation or fraud is unenforceable." *Sallee v. Fort Knox Nat'l Bank, N.A. (In re Sallee)*, 286 F.3d 878, 898 (6th Cir.), *cert. denied*, 537 U.S. 949 (2002). To establish a claim for fraud, MERV must prove (1) that Forcht made a material representation, (2) that was false, (3) that Forcht knew the representation was false or recklessly asserted its truth, (4) that Forcht made the representation with the intention that MERV act upon it, (5) that MERV acted in reliance upon it, and (6) that MERV suffered injury. *Id.* at 896. MERV has the burden of proving each element by clear and convincing evidence. *Id.*

The material misrepresentation on which MERV relies is Forcht's failure to disclose its alleged liability to MERV based on allegations that Forcht failed to adequately inspect the renovations of the warehouse before issuing draws under the Note and that Forcht failed to monitor endorsements on the checks when they were presented for payment or deposit. MERV has not, however, provided any authority to support its contention that Forcht had such a duty. Silence is not fraudulent, absent a duty to disclose. *Sallee*, 286 F.3d at 896. Except in special circumstances, a bank does not have a fiduciary relationship with its borrowers. *Id.* at 878. "[T]he great weight of authority is that while the relationship between a mortgagor and mortgagee is often described as one of trust, technically it is not of a fiduciary character." *Forsythe v. BancBoston Mortg. Corp.,* 135 F.3d 1069, 1077 (6th Cir. 1997). The relationship is one of debtor-creditor in which the parties deal with each other at arms length, each protecting their own interests.

MERV is correct that in Kentucky every contract has an implied covenant of good faith and fair dealing, and that the "covenant imposes upon banks the duty to act in a 'bona fide' manner."

7

*BancBoston,* 135 F.3d at 1076.   MERV argues that, "[t]he incestuous relationship between Forcht Bank and Friedlander, primarily, and Markowitz, to a lesser extent, precludes any possibility of good faith and fair dealing when they protect each other from the consequences of their respective misconduct by entering into a self-serving agreement such as the release and Forbearance Agreement."   Response ¶ 9.   MERV confuses a breach of fiduciary duty with a breach of contract based on the covenant of good faith and fair dealing.

> The duty of good faith and fair dealing merely requires the parties to "deal fairly" with one another and does not encompass the often more onerous burden that requires a party to place the interest of the other party before his own, often attributed to a fiduciary duty.

*Sallee*, 286 at 891 (citation omitted).   As noted above, MERV has failed to point to any evidence sufficient to establish a genuine issue as to the existence of any fiduciary relationship between MERV and Forcht.   Therefore, that Forcht benefitted by the Release contained in the Agreement does not mean that it engaged in fraudulent conduct.   Parties enter into contracts to obtain benefits.   Further, Forcht could not breach the covenant of good faith and fair dealing in connection with its negotiation and entering into the Agreement because that covenant applies to a party's failure to fairly perform according to the terms of an *existing* contract.   *Forsyth v. Bank of Am., N.A.*, No. 2:11-CV-191, 2013 WL 5203435, at *5 (E.D. Tenn. Sept. 16, 2013) ("The implied covenant of good faith and fair dealing applies to the *performance and enforcement* of an existing contract.").   The covenant does not create new contractual rights or obligations.   *Id.*

The Agreement benefitted MERV because Forcht agreed to forgo immediate entry of a judgment to which Forcht asserts it was entitled, and which MERV does not dispute.   In addition, the interest rate on the Note was reduced, the payment period extended, the monthly payments lowered, and MERV was given an opportunity to retain its real property and stay in business.   It is undisputed that Forcht fully complied with the terms of the Agreement and MERV received benefits from the Agreement.

## II.   Imputing Knowledge of Friedlander and Markowitz to MERV

As noted above, Forcht had no duty to disclose existing or potential claims against it that MERV was releasing by entering into the Agreement. Therefore, MERV's arguments that Friedlander's and Markowitz's knowledge regarding such claims cannot be imputed to MERV are without merit. In addition, such argument fails where, as also discussed above, MERV clearly benefitted by entering into the Agreement. *BancInsure, Inc, v. U.K. Bancorporation Inc.*, 830 F. Supp. 2d 294, 302 (E.D. Ky. 2011) (adverse interest exception is not applicable where the corporation benefits by the transaction).

## III.   Unconscionability

MERV states, its "knowledge at the time the Forbearance Agreement was signed will determine the viability of the second set of genuine issues of material fact." Response ¶ 4. The "second issue of fact," according to MERV, is the determination of whether the Agreement is unconscionable. Response ¶ 5.

"The doctrine [of unconscionability] forbids only one-sided, oppressive, and unfairly surprising contracts, and not mere bad bargains." *BancBoston*, 135 F.3d at 1074. Unconscionability is determined on a case-by-case basis, but it is ultimately a question of law to be determined by the court. *Faulkner v. Mikron Indus., Inc. (In re Heritage Org., L.L.C.)*, 354 B.R. 407, 438 (Bankr. N.D. Tex. 2006); *see also Whirlpool Corp. v. Grigoleit Co.*, 713 F.3d 316, 322 (6th Cir. 2013) (unconscionability is determined by analyzing the facts and circumstances present when a contract was made); *BancBoston*, 135 F.3d at 1074 (reviewing terms of release contained in forbearance agreement and benefits to parties and affirming trial court's summary judgment dismissal of plaintiff's claim that release was unconscionable); *Coursey v. Caterpillar, Inc.*, 64 F.3d 662, 1995 WL 492923, at *2 (6th Cir. Aug. 16, 1995) (unpublished table decision) (determination of unconscionability requires the application of legal principles to subsidiary

9

factual determinations); *J&E Constr., Inc. v. Bobcat Enters., Inc.*, No. 07-325-JBT, 2008 WL 3982683, at *8 (E.D. Ky. Aug. 26, 2008) (determination of unconscionability of a contract is a question of law).

MERV asserts that the Agreement is unconscionable for the same reasons it argues the Agreement is invalid and unenforceable, *i.e.*: "No one, knowing of the degree of bad conduct and the extent of damages suffered by MERV, would have released Forcht Bank under any circumstances." Response ¶ 12. As reviewed above, all parties to the agreement were represented by counsel in connection with the Agreement's negotiation and execution; Forcht was under no duty to make disclosures to MERV; and where MERV benefitted from the transaction, the actions and knowledge of its agents will be imputed to it. The Agreement was not one-sided, oppressive or unfairly surprising. *BancBoston*, 135 F.3d at 1074. The benefits MERV received by entering into the Agreement have been sufficiently discussed above. MERV's belief that entering into the Agreement turned out to be a "bad bargain" for it does not make the Agreement unconscionable.

Finally, it is unnecessary to address any of MERV's contentions related to Forcht's pre-Agreement conduct with respect to the loan because MERV's Release contained in the Agreement is valid and bars those claims.

## CONCLUSION

In conclusion, there are no genuine issues of material fact as to MERV's asserted claims against Forcht. The valid Release is enforceable to bar MERV's claims, and Forcht is entitled to judgment as a matter of law. An order in conformity herewith shall be entered.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
***The affixing of this Court's electronic seal below is proof this document
has been signed by the Judge and electronically entered by the Clerk in the
official record of this case.***



**Signed By:**
*Tracey N. Wise*
**Bankruptcy Judge
Dated: Thursday, February 27, 2014
(tnw)**