**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF KENTUCKY**
Lexington Division

| | |
|---|---|
| IN RE: : | |
| : | **Chapter 11** |
| **MERV PROPERTIES, LLC,** : | **Case No. 11-52814** |
| : | **Judge Tracey N. Wise** |
| Debtor. : | |
| ──────────────────────── : | |
| : | |
| **MERV PROPERTIES, LLC,** : | |
| : | |
| Plaintiff, : | |
| : | **Adversary No. 13-5034** |
| vs: : | |
| : | |
| **ERIC FRIEDLANDER,** *et al.*, : | |
| : | |
| Defendant. : | |
| ──────────────────────── : | |

**MEMORANDUM OPINION DISMISSING CLAIMS**
**AGAINST DEFENDANT MARKOWITZ**

This matter is before the Court on the Plaintiff's Motion for Default Judgment ("Motion for Default") [Doc. 112] against Defendant Howard Markowitz ("Markowitz").[1]  Making a limited appearance, Markowitz responds that the Complaint against him must be dismissed because the Plaintiff failed to properly serve him with the Complaint and summons herein [Doc. 125].

The procedural facts are not in dispute.  The Plaintiff filed the Complaint on October 4, 2013, and summons was issued on October 10, 2013.  On October 18, 2013, the Plaintiff mailed the Complaint and summons to each Defendant at 252 E. High Street, Lexington, Kentucky ("High Street Address").  This address is the address of the registered office for Mark Properties. Markowitz is the registered agent for service of process of Mark Properties.

---

[1] The Motion for Default also seeks a default judgment against Defendant Mark Properties, LLC ("Mark Properties"). Mark Properties did not respond to the Motion for Default, and resolution as to Mark Properties is set forth in a separate Order.

On August 5, 2014, over nine months after the summons was issued, Plaintiff moved for default judgment against Markowitz based on his failure to answer or otherwise respond to the Complaint and summons. In support, Plaintiff filed its counsel's affidavit claiming that he effectuated proper service on Markowitz by mailing the Complaint and summons to Markowitz's "principal place of business" at the High Street Address which was the address contained in the mailing matrix of the main bankruptcy case.

In response, Markowitz moves for dismissal claiming he was not properly served because the High Street Address was merely the address used for Mark Properties, of which Markowitz was managing member, that Mark Properties had been inactive since 2011, and its business closed in 2012.

The Court held a hearing on September 22, 2014, and received evidence on the issue of whether the High Street Address was a place where Markowitz regularly conducted a business or profession in October 2013.

**A.    The Court lacks personal jurisdiction over Markowitz.**

Unlike the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure[2] permit a plaintiff to serve process by first class mail postage prepaid. Bankruptcy Rule 7004 provides:

> (b) *Service by First Class Mail*. Except as provided in subdivision (h), in addition to the methods of service authorized by Rule 4(e)-(j) F.R.Civ.P., service may be made within the United States by first class mail postage prepaid as follows:
>
> > (1) Upon an individual other than an infant or incompetent, by mailing a copy of the summons and complaint to the individual's dwelling house or usual place of abode or to the place where the individual regularly conducts a business or profession.

---

[2] References to the Federal Rules of Civil Procedure will appear as "Civil Rule ___," and reference to the Federal Rules of Bankruptcy Procedure will appear as "Bankruptcy Rule ____."

FED. R. BANKR. P. 7004(b)(1). "Effective service of process, made in compliance with [Bankruptcy] Rule 7004 and Civil Rule 4, is a prerequisite to the bankruptcy court exercising personal jurisdiction over a litigant." *Keys v. 701 Mariposa Project, LLC (In re 701 Mariposa Project, LLC)*, 514 B.R. 10, 16 (B.A.P. 9th Cir. 2014). "Courts require a higher standard of care when serving a party defendant using the abbreviated procedure of service by mail because of the jurisdictional and due process ramifications of improper service." *Rockstone Capital, LLC v. Walker-Thomas Furniture Co. (In re Smith)*, Ch. 7 Case No. 04-01581, Adv. No. 04-10457, 2006 WL 1234965, at *3 (Bankr. D.C. Feb. 27, 2006) (citations omitted) (internal quotation marks omitted).

> [W]hen, as here, the creditor has not filed a proof of claim, has not otherwise participated in the bankruptcy case, and has not otherwise engaged in any conduct that could be construed as consent to the bankruptcy court's personal jurisdiction, personal jurisdiction principles dictate that federal courts cannot exercise jurisdiction over a litigant in the absence of proper service of process.

*In re 701 Mariposa Project*, 514 B.R. at 17. "Actual knowledge of an action cannot cure a technically defective service of process." *Cook v. Dep't. of Safety (In re Cook)*, 421 B.R. 446, 455 (Bankr. W.D. Tenn. 2009).

It is undisputed that the Plaintiff did not attempt service on Markowitz at his "dwelling house or usual place of abode." Markowitz credibly testified that he sold his shares in all of his business entities prior to August 2011 when he became a full-time student at the University of Kentucky in Lexington. In August 2012, he became a full-time student at Salmon P. Chase Law School in northern Kentucky and remained a full-time law student until December 2013. Markowitz was not regularly conducting any business at the High Street Address in October 2013.

Markowitz's former business colleague and co-defendant, Eric Friedlander ("Friedlander"), corroborated this testimony. Friedlander testified that he conducted business with Markowitz until 2010 or 2011 at the office at the High Street Address but thereafter, had

3

limited contact, if any, with Markowitz. Friedlander explained that there are about fifteen offices in the building at the High Street Address, with a mail slot in the door, and anyone could pick up mail left at the premises.

> Not every address where a defendant has at one time or for some purpose conducted business will necessarily suffice. The use of the adjective "regularly" connotes more than that. The evident intent is to ensure that service at such a business address has the same sort of likelihood of actually apprising the defendant of the action as would service at his dwelling house or usual place of abode, and is designed to comport with Constitutional considerations of due process.

*Ultrasonics, Inc. v. Eisberg (In re Ultrasonics, Inc.)*, 269 B.R. 856, 862 (Bankr. D. Idaho 2001) (footnote omitted). Here, while the High Street Address was the former registered agent address for several business entities in which Markowitz previously had an interest, there is no showing that he "regularly conduct[ed] a business or profession" at that address in October 2013.

The Court holds that the attempted service of process of Markowitz is insufficient and the Court lacks jurisdiction to grant judgment against him.

**B.    Reissuance of the Summons.**

Markowitz moves to dismiss the action. Plaintiff asserts that grounds exist to reissue the summons. Civil Rule 4(m), applicable herein via Bankruptcy Rule 7004(a)(1), provides:

> (m) *Time Limit for Service.* If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m). The Sixth Circuit has stated that "[d]ismissal of the action shall follow unless the plaintiff shows good cause for failure to meet the 120-day deadline." *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 521 (6th Cir. 2006), *cert denied,* 550 U.S. 969 (2007). "Establishing good cause is the responsibility of the party opposing the motion to dismiss—here, the plaintiffs—and 'necessitates a demonstration of why service was not made within the time constraints.'" *Id.* (quoting *Habib v. Gen. Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994)).

4

> Rule 4(m) requires the district court to undertake a two-part analysis. First, the court must determine whether the plaintiff has shown good cause for the failure to effect service. If he has, then "the court *shall* extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m) (emphasis added). Second, if the plaintiff has not shown good cause, the court must either (1) dismiss the action or (2) direct that service be effected within a specified time. *See id.* In other words, the court has discretion to permit late service even absent a showing of good cause. *See Henderson v. United States,* 517 U.S. 654, 662 (1996).

*Stewart v. Tenn. Valley Auth.*, 238 F.3d 424, 2000 WL 1785749, at *1 (6th Cir. Nov. 21, 2000) (unpublished table decision); *see also Jones v. Tenn. Valley Auth.*, No. 3:12-26, 2013 WL 1748333, at *1 n.2 (E.D. Tenn. Apr. 23, 2013) (Caldwell, J.) (acknowledging court's discretion to extend time for service in absence of good cause, but noting extension of time is only *required* upon a showing of good cause).

**1.    Plaintiff has not shown "good cause" for failing to effect process within the 120-day deadline.**

In determining whether good cause exists for purposes of Civil Rule 4(m), courts consider whether a plaintiff has shown that failure to properly serve a defendant was the result of excusable neglect. *See Turner v. City of Taylor*, 412 F.3d 629 (6th Cir. 2005) (applying excusable neglect standard to analysis of "good cause" under Civil Rule 4(m)). To establish good cause, "courts should consider whether the plaintiff has made reasonable and diligent efforts to effect service." *Dunham-Kiely v. U.S.*, No. 3:08-cv-114, 2010 WL 1882119, at *4 (E.D. Tenn. May 11, 2010) (citing *Habib*, 15 F.3d at 74).

Plaintiff states that "[p]rior to filing the Adversary Proceeding, MERV verified the address both with MERV's Bankruptcy Counsel and with the Secretary of State's Website. Both confirmed that [Mark Properties'] registered office was the address of record in the bankruptcy and its registered agent was Markowitz." [Pl.'s Resp. ¶ 5, Doc. 146]. Plaintiff argues that the High Street Address is the address known to all parties as Markowitz's principal place of business and that it was his last known address. However, Bankruptcy Rule 7005, incorporating Civil Rule

5

5, which permits service on a party at his "last known address," concerns service of pleadings and papers other than process. "The scope of Rule 5 as applied to pleadings is expressly limited in Rule 5(a) to 'every pleading *subsequent to the original complaint.*'" D*uVoisin v. Arrington (In re S. Indus. Banking Corp.)*, 205 B.R. 525, 533 (E.D Tenn. 1996), *aff'd,* 112 F.3d 248 (6th Cir. 1997). Plaintiff's attempted service on Markowitz at the High Street Address did not constitute an exercise of reasonable efforts. *See Id.* at 534 (finding bankruptcy court abused its discretion in determining plaintiff showed good cause under Civil Rule 4(m) by serving defendant at last known address and assuming proper service when mailed process was not returned).

Here, additional facts further demonstrate that the Plaintiff failed to exercise diligence or to make reasonable efforts to timely serve the Complaint and summons on Markowitz. The address provided by bankruptcy counsel is an address obtained by bankruptcy counsel more than two years prior to Plaintiff's attempted service on Markowitz. Markowitz is not scheduled as a creditor in his individual capacity in Plaintiff's bankruptcy case and has never entered an appearance or participated in the bankruptcy case in any capacity. That Markowitz served as registered agent for a business entity does not mean the service address is an address at which *he* regularly conducted a business or profession.

Moreover, the records of the Secretary of State reflected that Mark Properties was administratively dissolved as of September 28, 2013. While administrative dissolution of a limited liability company does not necessarily lead to the conclusion that such entity intended to dissolve,[3] it should have alerted Plaintiff to the possibility (or even likelihood) that Markowitz was not regularly conducting business at that address as either an owner of Mark Properties or its registered agent, particularly following Markowitz's failure to respond to the Complaint.

---

[3] Merely because an entity is administratively dissolved does not mean it ceases to exist. KY. REV. STAT. ANN. § 275.300(2). Reinstatement of a limited liability company after administrative dissolution is effective retroactive to the time of dissolution. *Pannell v. Shannon*, 425 S.W.3d 58 (Ky. 2014).

Plaintiff states that Markowitz was served by regular *and* certified mail, return receipt requested, and that none of the mailed items were returned to Plaintiff's counsel. [Pl.'s Resp. ¶ 6; Aff. Serv., Doc. 5 (stating that Defendants were served by "First Class U.S. Mail, postage pre-paid and by Certified U.S. Mail, Return Receipt Requested, postage pre-paid.")]. That a return receipt was requested and not received, whether signed or otherwise, should also have alerted counsel that service may have been insufficient.

There is no showing that Plaintiff took any further efforts to ascertain Markowitz's correct address. The Plaintiff merely served Markowitz at the service address Plaintiff used in its bankruptcy petition. According to Plaintiff, although he never participated in the bankruptcy case, Markowitz "had a duty to notify the Court" that the High Street Address had been changed. Plaintiff provides no authority for this argument.

The Court finds Plaintiff has failed to establish good cause for its failure to timely effect service on Markowitz.

### 2.    **The Court declines to exercise its discretion to allow the case to go forward.**

A finding that Plaintiff failed to establish "good cause" does not necessarily end the Court's inquiry.[4] The Court may still determine whether to exercise its discretion to allow the case against Markowitz to go forward.

> To determine whether the case should go forward in the absence of "good cause," courts have applied the following factors, including whether:
>
> (1) A significant extension of time was required;

---

[4] There is . . . authority within this Circuit for the proposition that dismissal is not mandatory in the absence of good cause. This authority relies on the current Rule 4(m). *See Turner v. Kentucky Transp. Cabinet*, No. 3:10-39-DCR, 2010 WL 5014516, at *3 (E.D. Ky. Dec. 3, 2010) (collecting cases). The Sixth Circuit has not directly addressed this issue in a reported decision. This Court agrees with the majority of courts that have found the clear language of Rule 4(m) permits discretion.

*Kinney v. Lexington-Fayette Urban Cnty. Gov't*, No. 5:12-360-KKC, 2013 WL 3973172, at *2 n.1 (E.D. Ky. Aug. 1, 2013) (Caldwell, C.J.)

  (2) An extension of time would prejudice the defendant other than the inherent "prejudice" in having to defend the suit;

  (3) The defendant had actual notice of the lawsuit;

  (4) A dismissal without prejudice would substantially prejudice the plaintiff; i.e., would his lawsuit be time-barred; and

  (5) The plaintiff had made any good faith efforts at effecting proper service of process.

*Dunham-Kiely*, 2010 WL 1882119, at *5 (citing *Lopez v. Donaldson (In re Lopez)*, 292 B.R. 570, 576 (Bankr. E.D. Mich. 2003)). The courts are not limited to the above factors and "may consider anything that is relevant and equitable." *Id.*

On the facts of this case, the Court declines to exercise discretion to allow the claims to proceed. The Plaintiff filed the Complaint on October 4, 2013, and was required to effect service by February 1, 2014. As of the date of the hearing in this matter, in excess of 230 days had elapsed since the service period expired. Discovery is closed, and Markowitz is prejudiced to the extent that he did not participate in the discovery proceedings. The lapse of significant time may affect further discovery.

Although Plaintiff asserts that the deposition testimony of Friedlander taken on June 12, 2014, proves that Markowitz had actual knowledge of the Complaint at least thirty days before Friedlander's deposition (May 2014), Markowitz testified at the hearing and by affidavit that although he was aware of the lawsuit, he was not aware that he was a named defendant until August 7, 2014, when he obtained a copy of the Motion for Default. Review of the deposition testimony shows that Friedlander told Markowitz that Vivian Collins ("Collins"), one of Plaintiff's members and Plaintiff's designated representative in its bankruptcy case, sued Friedlander. Putting aside the issue that MERV Properties, LLC, not Collins, is the Plaintiff in this adversary proceeding and the question of whether Friedlander was discussing a different lawsuit, Friedlander's deposition testimony is that Markowitz replied that Collins had not sued Markowitz.

8

Friedlander's deposition testimony does not contradict Markowitz's testimony. Thus, Markowitz did not have actual knowledge of the Complaint until August 7, 2014, a date well after the deadline for service of process in this case and well after the deadlines established by Court order for the parties to complete discovery and file dispositive motions.

Plaintiff waited more than nine months after service to file the Motion for Default. When questioned about this delay, Plaintiff argued that the Clerk is required to enter a default without request or motion of the parties. Plaintiff's counsel stated he delayed filing the Motion for Default until the deadline for filing dispositive motions was approaching because of the Clerk's failure to enter default. Contrary to Plaintiff's contention, however, action by a party is required for the Clerk to enter a defendant's default. Civil Rule 55, made applicable to this adversary proceeding pursuant to Bankruptcy Rule 7055, provides:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, *and that failure is shown by affidavit or otherwise*, the clerk must enter the party's default.

FED. R. CIV. P. 55(a) (emphasis added). Plaintiff had the ability to request entry of default after the deadline for Markowitz's answer or responsive pleading expired, and its argument that it was unable to file the Motion for Default any earlier is without merit.

Finally, discovery in this matter is concluded, the matter is submitted on summary judgment and ripe for trial. Plaintiff's neglect in not seeking this relief earlier in the litigation schedule is neither excusable nor has it shown good cause. The Court declines to exercise its discretion to permit the case to proceed against Markowitz.

## CONCLUSION

The Plaintiff's claims against Markowitz will be dismissed. An order in conformity herewith shall be entered.

---

**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



Signed By:
*Tracey N. Wise*
**Bankruptcy Judge**
Dated: Monday, May 04, 2015
(tnw)